UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

LOLA LUCIO, Individually,                         :
                                                  :
                Plaintiff,                        :
                                                  :
v.                                                :   Case No. 4:21-cv-12839
                                                  :
FORWARD CORPORATION                               :
A Domestic Company                                :
                                                  :
                Defendant.                        :
_____         :

## COMPLAINT

Plaintiff, Lola Lucio (hereinafter "Plaintiff"), hereby sues the Defendant, Forward Corporation, a domestic company (hereinafter referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. ("ADA"), and for damages pursuant to the Michigan Persons With Disabilities Civil Rights Act ("PDCRA"), MCL 37.1101 et. seq. In support thereof, Plaintiff states:

1.      This action is brought by Lola Lucio pursuant to the enforcement provision of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. 12188(a) and the Michigan Persons with Disabilities Civil Rights Act ("PDCRA"), MCL 37.1101 et. seq., against the owners and/or operators of Subway.

2.      This Court has jurisdiction pursuant to the following statutes:

      a.      28 U.S.C. §1331, which governs actions that arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq.  See also 28 U.S.C. §2201 and §2202.

      b.      28 U.S.C. §1331, which gives District Courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States; and

      c.      28 U.S.C. §1343 (3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government.

3.      Venue is proper in this judicial district and division. Defendant does business in the State of Michigan, and all of the acts of discrimination alleged herein occurred in this judicial district and division.

## PARTIES

4.      Plaintiff Lola Lucio is a resident of Genesee County, suffers from mobility issues, must ambulate with a cane, and is an individual with a disability within the meaning of ADA, 42 U.S.C. 12102(2), 28 C.F.R. 36.104, and MCL 31.1103.

5.      Plaintiff Lola Lucio is substantially limited in performing one or more major life activities, including but not limited to, ambulating unassisted.

6.      Plaintiff Lola Lucio, on several occasions, has been to the Subway located at 2424 S. Center Road, Burton, MI.

7.      Plaintiff Lola Lucio was a patron at the Subway on October 13, 2021 and intends to return in January 2021.

8.      Subway is a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. 12181, 28 C.F.R. 36.104, and MCL 37.1301.

9.      Defendant owns, leases, leases to, or operates Subway and is responsible for complying with the obligations of the ADA and the PDCRA.

## COUNT I

## VIOLATION OF THE ADA

10.     Plaintiff realleges paragraphs one (1)  through nine (9) of this Complaint and incorporates them here as if set forth in full.

11.     Plaintiff has visited the property which forms the basis of this lawsuit, has been back to the property since then, and has plans to return on a regular basis to avail herself of the goods and services offered to the public at the property.

12.     There are numerous architectural barriers present at Subway that prevent and/or restrict access by Plaintiff, in that several features, elements, and spaces of Subway are not accessible to or usable by Plaintiff, as specified in 28 C.F.R 36.406 and the Standards for Accessible Design, 28 C.F.R., Pt. 36, Appendix A ('the Standards").

13.     Elements and spaces to which there are barriers to access at Subway include, but are not necessarily limited to:

    a.      There is accessible parking for a disabled individual to utilize.

    b.      There is no accessible route from the parking area to the property.

3

c.      There is no ramp from the parking area to the sidewalk for a disabled

individual to utilize.

d.      There are no accessible tables at the Subway restaurant for a disabled

individual to utilize.

14.      The discriminatory violations described in paragraph 13 of this Complaint were

personally encountered by Plaintiff. The Plaintiff has been denied the benefits of,

services, programs and activities of the Defendant's building and facilities, and has

otherwise been discriminated against and damaged by the Defendant because of the

Defendant's ADA violations, as set forth above.

15.      The Plaintiff will continue to suffer such discrimination, injury and damage

without the immediate relief provided by the ADA as requested herein. The Plaintiff has

been denied access to, and has been denied the benefits of services, programs and

activities of the Defendant's buildings and its facilities, the opportunity to use such

elements, and has otherwise been discriminated against and damaged by the Defendant

because of the Defendant's ADA violations, as set forth above.

16.      Plaintiff has standing to sue for every barrier to access for the mobility-impaired

that exists on the subject premises. Lola Lucio has standing to require that all barriers to

access on the property for the mobility-impaired are corrected, not merely only those

Lola Lucio personally encountered.

17.     Defendants' failure to remove the architectural barriers identified in paragraph

thirteen (13) constitutes a pattern or practice of discrimination within the meaning of 42

U.S.C. 12188 (b)(1)(B)(i) and 28 C.F.R. 36.503 (a).

18.     It would be readily achievable for the Defendant to remove the architectural

barriers identified above and to modify their policies of discrimination.

19.     Defendant is required to remove the existing architectural barriers to the

physically disabled when such removal is readily achievable for its place of public

accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the

alternative, if there has been an alteration to Defendant's place of public accommodation

since January 26, 1992, then the Defendant is required to ensure to the maximum extent

feasible, that the altered portions of the facility are readily accessible to and useable by

individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402;

and finally, if the Defendant's facility is one which was designed and constructed for first

occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the

Defendant's facility must be readily accessible to and useable by individuals with

disabilities as defined by the ADA.

20.     The Defendant has discriminated against Plaintiff by denying her access to, and

full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or

accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq. and 28 CFR

36.302 et seq

21.     Defendant continues to discriminate against the Plaintiff  by failing to make

reasonable modifications in policies, practices or procedures, when such modifications

are necessary to afford all offered goods, services, facilities, privileges, advantages or

accommodations to individuals with disabilities.

22.     Lola Lucio has a realistic, credible, existing and continuing threat of

discrimination from the Defendant's non-compliance with the ADA with respect to this

property as described, but not necessarily limited to, the allegations in paragraph 13 of

this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be

subjected to discrimination in violations of the ADA by the Defendant.

23.     Plaintiff is aware that it will be a futile gesture to re-visit the property until it

becomes compliant with the ADA, unless she is willing to suffer further discrimination.

24.     Plaintiff is without an adequate remedy at law and is suffering irreparable harm.

Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees,

costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28

CFR 36.505.

25.     Notice to Defendant is not required as a result of the Defendant's failure to cure

the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer

employees and gross receipts of $500,000 or less).  All other conditions precedent have

been met by Plaintiffs or waived by the Defendant.

26.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant

Plaintiff Injunctive Relief, including an order to require the Defendant to make the

property readily accessible and useable to the Plaintiff and all other persons with

disabilities as defined by the ADA; or by closing the facility until such time as the

Defendant cures its violations of the ADA.

## COUNT II

## VIOLATION OF THE PDCRA

27.    Plaintiff realleges paragraphs one (1)  through twenty-six (26) of this Complaint

and incorporates them here as if set forth in full.

28.    The Defendant has discriminated against Plaintiff by denying her the full and

equal enjoyment of the goods, services, facilities, privileges, advantages, and

accommodations of a place of public accommodation because of a disability, as

prohibited by MCL 37.1302.

29.    Plaintiff has desired and attempted to enjoy the goods and services at the property

as a customer and patron. She has been prevented from doing so due to the existing

architectural barriers at the property. As a result, she has been distressed and

inconvenienced thereby, and is entitled to monetary damages for her injuries, as provided

for in MCL 37.1606.

30.    As a result of being denied full access to the property, Plaintiff has suffered, and

will continue to suffer, emotional distress, humiliation, anxiety, anger, a loss of

enjoyment of life, and other consequential and incidental damages.

**PRAYER FOR RELIEF**

32.     Because Defendant has engaged in the acts and practices described above,

Defendant has violated the law as alleged in this Complaint and unless restrained by this

Honorable Court, Defendant will continue to violate the Constitution and laws of the

United States of America, and the State of Michigan, and will cause injury, loss and

damage to the Plaintiff, and all others so similarly situated.

**WHEREFORE,** Plaintiff respectfully requests that this Court:

A.      Declare that Defendant has violated title III of the Americans with

Disabilities Act, 42 U.S.C. § 12181 et seq, 28 C.F.R. pt. 36, and the Michigan Persons

With Disabilities Civil Rights Act ("PDCRA"), MCL 37.1101 *et. seq.*

        i.      by failing to bring Subway into compliance with the Standards

        where it is readily achievable to do so; and

        ii.     by failing to take other readily achievable measures to remove

        architectural barriers to access when it is not readily achievable to comply

        fully with the Standards.

B.      Order Defendant:

        i.      to make all readily achievable alterations to the facility; or to make

        such facility readily accessible to and usable by individuals with disabilities

        to the extent required by the ADA;

        ii.     to make reasonable modifications in policies, practices or procedures,

        when such modifications are necessary to afford all offered goods, services,

facilities, privileges, advantages or accommodations to individuals with disabilities

C.      Award damages to Lola Lucio who has been aggrieved and injured by the illegal acts of discrimination committed by Defendant;

D.      Award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205 and MCL 37.1606.

E.      Order such other appropriate relief as the interests of justice may require.

Respectfully Submitted,

By: /s/ Pete M. Monismith_____
Pete M. Monismith, Esq.
3945 Forbes Ave., #175
Pittsburgh, PA 15213
Ph: 724-610-1881
Fax: 412-258-1309
Pete@monismithlaw.com
MI Bar P78186